

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

PETER S. JEROME,

    Petitioner,

v.                                    CRIMINAL ACTION NO. 4:16-cr-61

UNITED STATES OF AMERICA,

    Respondent.

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Petitioner Peter S. Jerome's ("Petitioner") Motion for Compassionate Release. ECF Nos. 44, 50. For the reasons stated below, Petitioner's Motion is **DENIED**

### I. PROCEDURAL AND FACTUAL HISTORY

On August 10, 2016, Petitioner was named in a seven-count indictment returned by a grand jury in the Eastern District of Virginia, Newport News Division. ECF No. 1. On June 8, 2017, in accordance with the terms of a written plea agreement, Petitioner pleaded guilty to Count 5 of the indictment for Possession of Fifteen or More Counterfeit/Unauthorized Access Devices, in violation of 18 U.S.C. § 1029(a)(2), and Count 6 for Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1). ECF Nos. 22-23.

Petitioner's convictions stem from possession and use of multiple re-encoded debit and gift cards that were re-encoded with credit and debit card information belonging to other individuals. ECF No. 47 at 5-8. Petitioner's conduct was first discovered during a traffic stop on July 23, 2014. *Id.* When police asked Petitioner to identify himself, he gave someone else's information. *Id.* In Petitioner's wallet, detectives found 29 debit and gift cards, 17 of which had been re-encoded with account information that did not belong to Petitioner. *Id.* After an investigation, Petitioner was ultimately arrested for conduct associated with identity theft. Petitioner was later sentenced to 36

months on Count 5 and 24 months on Count 6, for a total of 60 months, all to be served consecutively. ECF No. 37.

On December 16, 2020, Petitioner filed a *pro se* Motion for Compassionate Release based upon the ongoing COVID-19 pandemic. ECF No. 44. The Court then ordered the appropriate responses on December 22, 2020. ECF No. 46. Petitioner supplemented his Motion on February 5, 2021. ECF No. 50. The Government responded in opposition on February 22, 2021. ECF No. 52. Petitioner filed a reply on March 01, 2021. ECF No. 58. Accordingly, this matter is ripe for disposition.

## II. LEGAL STANDARD

### A. The Exhaustion Requirement

A district court may modify a petitioner's sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Federal Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Accordingly, a petitioner seeking compassionate release is generally required to exhaust his or her administrative remedies prior to bringing a motion before the district court. *Id.* Courts may; however, waive the exhaustion requirement under exigent circumstances. *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020) (discussing the reasons "judicial waiver of the exhaustion requirement is permissible in light of the extraordinary threat certain inmates face from COVID-19").

### B. The Compassionate Release Standard

As amended by the FIRST STEP Act, a court may modify a term of imprisonment upon a motion from the petitioner and after considering the factors set forth in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

2

Such "extraordinary and compelling reasons" were previously described by the United States Sentencing Commission ("Sentencing Commission") in U.S.S.G. §1B1.13, Application Note 1. Before the passage of the FIRST STEP Act, the Sentencing Commission provided that a sentence may be modified in light of the petitioner's medical condition, age, or family circumstances. U.S.S.G. §1B1.13, n. 1 (A)–(C). Additionally, the Sentencing Commission further defined the limits under which a sentence reduction may be given under those justifications. *Id.* The Sentencing Commission also provided a "catch-all provision" that allowed for a sentence modification upon a showing of an "extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* at n. 1 (D). Use of the "catch-all provision" prior to the FIRST STEP Act was severely restricted because it required approval from the Bureau of Prisons before an individual could petition the district court for relief. *Id.*

However, U.S.S.G. §1B1.13 is now outdated following the passage of the FIRST STEP Act, which allows individuals to petition the district court directly without clearance from the Bureau of Prisons. As such, U.S.S.G. §1B1.13 is merely advisory and does not bind the Court's application of § 3582(c)(1)(A). *McCoy v. United States*, 2020 WL 2738225, at *4 (E.D. Va. May 26, 2020), *aff'd*, 981 F.3d 271 (4th Cir. 2020); *see also United States v. Lisi*, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020) ("[T]he Court may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release ... [but § 1B1.13's policy statement] remain[s] as helpful guidance to courts...."); *United States v. Fox*, 2019 WL 3046086, at *3 (D. Me. July 11, 2019) ("[T]he Commission's existing policy statement provides helpful guidance on the factors that support compassionate release, although it is not ultimately conclusive").

Additionally, a petitioner's rehabilitation standing alone does not provide sufficient

3

grounds to warrant a sentence modification. 28 U.S.C. § 994(t). Instead, the Court may consider a combination of factors, including — but not limited to — those listed in U.S.S.G. §1B1.13, in evaluating a petitioner's request for a sentence modification under 18 U.S.C. § 3582(c)(1)(A)(i).

### III. DISCUSSION

#### A. The Exhaustion Issue

Petitioner submitted a request for compassionate release to the Warden of his correctional facility on July 13, 2020. ECF No. 50, 50-1. Petitioner was subsequently denied relief on July 27, 2020. *Id.* Accordingly, Petitioner has met the exhaustion requirements under § 3582(c)(1)(A).[1]

#### B. Resolution of Petitioner's Request for Compassionate Release

1. *Consideration of the Factors Listed in 18 U.S.C. § 3553(a)*

In its consideration of the factors listed in 18 U.S.C. § 3553(a), the Court notes that Petitioner's offense conduct is significant. Upon unlawfully obtaining stolen credit and debit card information from various individuals, Petitioner used this information to conduct several unauthorized purchases at retail locations in Newport News, Virginia. ECF No. 47 at 5-8. Petitioner was ultimately arrested for the underlying offenses but three weeks after his arrest, Petitioner was again found with re-encoded credit cards. *Id.* A consent search of the home recovered 24 debit cards, 9 of which had been re-encoded with account information that did not belong to Petitioner. *Id.* In total, Petitioner is attributed with 27 re-encoded cards which were used to conduct unauthorized transactions totaling $3,210.06. Based upon the foregoing, Petitioner's offense conduct strongly implicates the need for a sentence "to reflect the seriousness of the offense…and to provide just punishment." 18 U.S.C. § 3553(a)(2)(A)–(B).

---

[1] Despite having met these requirements, this Court has previously held that the exhaustion requirement within § 3582(c)(1)(A) may be waived in the midst of the COVID-19 pandemic. *See supra* Part II.A; *Coleman v. United States*, 2020 WL 3039123, at *3–*4 (E.D. Va. June 4, 2020).

Petitioner has fulfilled all but one final requirement to complete the Residential Drug Abuse Program. ECF No. 50 at 3. The Court recognizes that delays caused by the COVID-19 pandemic have stalled Petitioner's completion of the program. *Id.* Had there been no delay, Petitioner may have been released to a Residential Reentry Center as early as September 9, 2020. *Id.* To date, Petitioner has a projected early release date of May 4, 2021 and a statutory release date of November 27, 2021. *Id.* at 3-4. After full consideration of the § 3553(a) factors, however, the Court concludes that the purposes of Petitioner's sentence remain unfulfilled.

2. *Evaluation of "Extraordinary and Compelling Reason"*

In evaluating whether an "extraordinary and compelling reason" for release has been established, the Court considers the severity of the ongoing COVID-19 outbreak in federal prisons. *See e.g. Wilson v. Williams*, 2020 WL 2542131, at *1–2 (N.D. Ohio May 19, 2020) (documenting the BOP's ineffective efforts to curtail the spread of the virus within FCI Elkton). While prisoners across the country are beginning to obtain a vaccine, it appears that many, including Petitioner, have yet to obtain one. *See generally* ECF No. 52 at 10-13. Specific to each petitioner, the Court examines the Centers for Disease Control's list of health risk factors for severe COVID-19 complications when assessing compassionate release motions during the pandemic. *United States v. Lewellen*, 2020 WL 2615762, at *4 (N.D. Ill. May 22, 2020).

Here, Petitioner proffers his history of smoking as the only underlying medical condition that may exacerbate a potential COVID-19 infection.[2] ECF No. 50. According to Petitioner, Petitioner "spent over 20 years of his life addicted to tobacco." ECF No. 50 at 10. The CDC does dictate that being a current or former cigarette smoker "can make you more likely to get severely

---

[2] Petitioner also proffers his race as an African American male as a factor that "place[s] him at elevated risk of COVID-19 complications and death." ECF No. 50 at 10. The Court declines to consider race when evaluating whether a petitioner's underlying *medical conditions* present an extraordinary and compelling reason for relief.

5

ill from COVID-19."[3] Despite Petitioner's history of smoking, the Court is unable to conclude that Petitioner is particularly vulnerable to COVID-19. Petitioner's medical records reveal that Petitioner has demonstrated no respiratory illnesses or long-term disorders attributable to Petitioner's smoking habit. ECF No. 57-1. The lack of additional ailments attributable to Petitioner's smoking habit demonstrates that, at this time, smoking has manifested a limited effect on Petitioner's overall health.

While the world continues to grapple with the pandemic, it is imperative to note that many persons who are incarcerated suffer from a variety of ailments that may make them susceptible to severe illness from a COVID-19 diagnosis. As the Court continues to exercise its discretion in releasing the most vulnerable inmates in light of the pandemic, the Court declines to release inmates who lack a significant showing of potential fatality from a COVID-19 diagnosis. Based upon the foregoing reasoning, the Court is unable to find an extraordinary and compelling reason for relief after considering the unfulfilled purposes of Petitioner's original sentence.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion is **DENIED**. The Clerk is **DIRECTED** to provide a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons, and the United States Marshals Service.

**IT IS SO ORDERED.**

Newport News, Virginia
April 6, 2021

UNITED STATES DISTRICT JUDGE

---

[3] *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION (Mar. 29, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.